IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM HENRY TAYLOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Act. No. 03-91-JJF |
| | : | |
| THOMAS L. CARROLL, MICHAEL | : | |
| KNIGHT and PAUL DOWNING, | : | |
| | : | |
| Defendants. | : | |

William Henry Taylor, <u>Pro</u> <u>Se</u> Plaintiff.

## MEMORANDUM OPINION

September ⌐, 2005
Wilmington, Delaware

Farman, District Judge

The Plaintiff, William Henry Taylor, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

I.   STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $.67. Plaintiff filed the required authorization form and payments have been made toward the filing fee from his prison account as required by 28 U.S.C. § 1915(b)(1).

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from

Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]
Consequently, a claim is frivolous within the meaning of Section
1915(e)(2)(B) if it "lacks an arguable basis either in law or in
fact." <u>Id.</u>

## II. DISCUSSION

By his Complaint, Plaintiff alleges that he was wrongfully
terminated from his job in prison.  Plaintiff requests
reinstatement to his position, lost wages and $2,000 for mental
and emotional anguish and hardship.

Inmates do not have a constitutionally protected due process
interest in prison employment.  <u>Abdul-Akbar v. Dep't of
Corrections</u>, 910 F. Supp. 986 (D. Del. 1995); <u>see</u> <u>also</u>
<u>Longendorfer v. Roth</u>, 2004 WL 963881, *3 (E.D. Pa. May 3, 2004)
(collecting cases).  Moreover, Plaintiff cannot sustain a claim
for mental or emotional injury without a showing of physical
injury.  <u>See</u> 28 U.S.C. § 1997e(e); <u>Allah v. Al-Hafeez</u>, 226 F.3d
247, 250 (3d Cir. 2000).  In this case, Plaintiff has not alleged
physical injury, and the Court concludes that his allegations
have no arguable basis in law or fact.  <u>Cf.</u> <u>Ostrander v. Horn</u>,
145 F. Supp. 2d 614, 619 (M.D. Pa. May 11, 2001) (finding that

---

[2]   <u>Neitzke</u> applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915
(e)(2)(B) is the re-designation of the former § 1915(d) under the
PLRA.  Therefore, cases addressing the meaning of frivolous under
the prior section remain applicable.  <u>See</u> § 804 of the PLRA,
Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

3

plaintiff failed to sufficiently allege any violation of his constitutional rights and therefore, was not entitled to either compensatory or nominal damages for his emotional distress). Accordingly, the Court concludes that Plaintiff is not entitled to relief, and therefore, the Court will dismiss Plaintiff's Complaint as frivolous.

An appropriate Order will be entered.